```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                       CLARKSBURG
```

**FUNKHOUSER & SMITH, PPLC,**

      **Plaintiff,**

v.                                     **CIVIL ACTION NO. 1:25-CV-02**
                                                                     **(KLEEH)**

**HUNTINGTON NATIONAL BANK,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 2]**

Pending before the Court is Defendant Huntington National Bank's *Motion to Dismiss* [ECF No. 2]. For the reasons discussed herein, the Motion to Dismiss is **GRANTED**.

### I.   JURISDICTION

Though not in dispute, this Court has diversity jurisdiction over this case because the parties are diverse, and the amount in controversy requirement is met.[1] Plaintiff, Funkhouser & Smith, PLLC, is a law firm whose owners, John R. Funkhouser and Ashley J. Smith, are citizens of West Virginia. Compl., ECF No. 1, at ¶ 4. For diversity purposes, the citizenship of a professional limited liability company is determined by the citizenship of its members. See Gen. Tech. Applications, Inc. v Exro Ltda, 388 F.3d 114, 120

---

[1] Plaintiff's Complaint alleges the Court has jurisdiction pursuant to 28 U.S.C. 1331. ECF No. 1 at ¶ 1. However, Plaintiff does not raise a federal question; thus, the Court assumes this is a typographical error and that Plaintiff intended to raise diversity jurisdiction pursuant to 28 U.S.C. 1332.

(4th Cir. 2004). Therefore, Plaintiff is a citizen of West Virginia. The Huntington National Bank ("Huntington") is a national banking association. See Compl., ECF No. 1, at ¶ 5. For diversity purposes, a national banking association is located "in the State designated in its articles of association as its main office." Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006). Accordingly, Huntington is a citizen of Ohio, the locus of its main office, and the parties are in complete diversity. The amount in controversy requirement is met because Plaintiff alleges $187,500.00 in damages. Compl., ECF No. 1, at ¶ 22. Thus, the Court has diversity jurisdiction over this Case.

## II.   PROCEDURAL HISTORY

On January 10, 2025, Plaintiff filed a Complaint alleging (1) negligence; (2) breach of fiduciary duty; (3) violation of Uniform Commercial Code ("UCC") Articles 4, 4A; and (4) breach of contract. ECF No. 1. In response, on February 12, 2025, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 2. Under Rule 7.02(b) of the Local Rules of Civil Procedure for the United States District Court for the Northern District of West Virginia, Plaintiff had fourteen (14) days from the service of the Motion to file a response memorandum. L.R. CIV. P. 7.02(b). The deadline to respond to Defendant's motion to dismiss was Wednesday, February 26, 2025. To date, Plaintiff has not filed any response.

## III. SUMMARY OF FACTUAL ALLEGATIONS

The following facts are summarized as they are alleged in the Complaint. Plaintiff maintained a real estate trust account with Defendant for use in Plaintiff's law practice. Compl., ECF No. 1, at ¶¶ 2,6. Said account contained money belonging to both Plaintiff and Plaintiff's clients. Id. at ¶ 10. On or about December 27, 2022, Plaintiff deposited a check, in the amount of $198,000.00 made payable to Plaintiff, into the real estate trust account. Id. at ¶ 9-10. Approximately seven days after deposit, Plaintiff's account showed a "miscellaneous credit" in the amount of the check and no other indication regarding the check's validity or status. Id. at ¶ 11.

Approximately six days later, Plaintiff wired $187,500.00 from the real estate trust account to another bank account not owned by Plaintiff. Id. at ¶ 12. On or about January 10, 2023, one day after the wire transfer, Defendant withdrew $198,000.00, the value of the check, along with $15.00, a service fee, from Plaintiff's account. Id. at ¶ 13,15. On or about January 18, 2023, Plaintiff received a letter from Defendant explaining the $198,000.00 was withdrawn because the initial check deposited on December 27, 2022, was an altered/fictitious item. Id. at ¶ 14. Within one day of receiving this letter, Plaintiff contacted Defendant and attempted to stop the wire transfer, but the transfer

3

was already complete, and the money had been withdrawn by the owner of the receiving account. Id. at ¶ 16.

## IV.    LEGAL STANDARD

Rule 12(b)(6) allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (citations omitted). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).

4

## V.     DISCUSSION

In its motion to dismiss, Defendant argues that Plaintiff's claims are barred by a contractual limitations period in the agreement governing Plaintiff's bank account. Def.'s Mot. to Dismiss at p. 1. In support of its motion, Defendant attached Exhibit 1, the parties' Business Deposit Account Agreement, containing a Limitations on Actions provision that provides a one-year period in which Plaintiff must bring claims relating to its account. Def.'s Mot. to Dismiss, Exh. 1. Defendant contends that the Court may consider the Exhibit in ruling on its motion because the attached material is "integral to the Complaint and at the heart of this lawsuit's allegations." Def.'s Mem. Supp. Mot. to Dismiss at p. 4. In sum, Defendant argues that the Limitations on Actions provision bars Plaintiff's claims because Plaintiff did not file within the provided one-year period. Id.

To date, Plaintiff has not responded to Defendant's motion to dismiss. Courts have authority to dismiss an action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with court orders. See Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084, (1990). However, a party's failure to respond to a motion to dismiss "does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim." Panico v. City of Westover, No. 1:21-

5

CV-96, 2022 WL 989120, at *3 (N.D.W. Va. Mar. 31, 2022) (citing Pomerleau v. W. Springfield Pub. Schs., 362 F.3d 143, 145 (1st Cir. 2004)) (internal quotation marks and citation omitted). Thus, this Court must proceed and examine the sufficiency of Plaintiff's Complaint, notwithstanding Plaintiff's failure to file a timely response to Defendant's motion to dismiss.

### A. The Court may consider Defendant's attached exhibit because it is integral to the Complaint.

Defendant argues that the Court may consider the attached Exhibit when ruling on its motion because the attached document is integral to the Complaint. Def.'s Mem. Supp. Mot. to Dismiss at p. 4. Exhibit 1 ("Account Agreement") purportedly provides terms and conditions of Plaintiff's bank account with Defendant. Def.'s Mot. to Dismiss, Exh. 1. In the pertinent section, the Account Agreement provides:

> You must file a lawsuit against us related to your Account no later than one year after the conduct giving rise to the alleged claim occurs, otherwise you agree any lawsuit filed after that time should be dismissed, to the extent permitted by law.

Id. at ¶ 18(g). Based on this provision ("Limitations on Actions"), Defendant contends Plaintiff's failure to file its lawsuit within one year of the conduct giving rise to Plaintiff's claims entitles Defendant to dismissal.

The Court may consider documents attached to a motion to dismiss "as long as they are integral to the complaint and

6

authentic." Schneider v. Donaldson Funeral Home, P.A., 733 Fed. App'x 641, 645 (4th Cir. 2018) (quotation marks and citation omitted). A document is integral if the claims "turn on" the document or it has "independent legal significance" to Plaintiff's claim. Id. (quotation marks and citation omitted).

Here, the Account Agreement forms the underlying contractual basis of Plaintiff's bank account with Defendant. Thus, it clearly has "independent legal significance" to Plaintiff's claims because it defines the terms and conditions of Plaintiff's account, the subject of the present action. Id. Moreover, Plaintiff's claims "turn on" the agreement because the Limitations on Actions provision bars Plaintiff from bringing claims after one year. Id. Thus, the Account agreement is "integral" to the Complaint. Id.

Next, the Account Agreement appears "authentic." Id. Plaintiff's failure to dispute the authenticity of the Account Agreement and the lack of contradiction between the Complaint's factual allegations and the Account Agreement allow the Court to reasonably infer its validity. See Id. Therefore, because the Account Agreement is "integral" and "authentic," the Court may consider it when examining the sufficiency of Plaintiff's Complaint. Id. Thus, the Court must now determine whether the Limitations on Actions provision in the Account Agreement is enforceable.

7

**B.   West Virginia law governs the Limitations on Actions provision pursuant to the Account Agreement's choice of law provision.**

Though Defendant does not address the Account Agreement's choice of law provision, West Virginia law, nonetheless, governs the validity of the limitations provision.

Under West Virginia law, a choice of law provision is presumptively valid unless "(1) . . . the provision bears no substantial relationship to the chosen jurisdiction or (2) the application of the laws of the chosen jurisdiction would offend the public policy of this State." West Virginia CVS Pharmacy, LLC v. McDowell Pharmacy, Inc., 796 S.E.2d 574, 580 (W. Va. 2017) (citation omitted). The choice of law provision in the Account Agreement provides the following:

> The Account Documents, your Account, and the services we provide in connection with your Account are governed by federal laws and U.S. Regulations, and to the extent federal laws and regulations are not applicable (and only to that extent), the law of the state where your Account is located governs. Your Account is located in the branch where you opened your Account . . . .

Def.'s Mot. to Dismiss, Exh. 1, at ¶ 18(k). Plaintiff's account was opened in Defendant's Fairmont, West Virginia branch. See Compl., ECF No.1, at ¶ 16 ("Plaintiff contacted Defendant Huntington National Bank, at its Fairmont branch . . . ."). Thus, West Virginia is the location of the account and the chosen jurisdiction, insofar as state law governs.

8

There is a "substantial relationship" between the agreement and the chosen jurisdiction because, among other things, Plaintiff conducts business with Defendant's Fairmont, West Virginia, location. West Virginia CVS, 796 S.E.2d at 580; Compl., ECF No. 1, at ¶ 16. Next, there is no conflict of public policy between the forum state and the chosen jurisdiction because the chosen jurisdiction is the same state in which this action was brought. West Virginia CVS, 796 S.E.2d at 580. Thus, the choice of law provision is valid, and West Virginia law governs the enforceability of the Limitations on Actions provision.[2]

### C. The Limitations on Actions provision is enforceable and bars Plaintiff's claims.

Though Plaintiff failed to respond to Defendant's Motion, the Court addresses the enforceability of the shortened contractual limitations period. "The general rule has long been that parties may contractually agree to a shortened limitations period, as long as the period is reasonable." Hampden Coal, LLC v. Varney, 810 S.E.2d 286, 296 (W. Va. 2018). "Courts have frequently found contractual limitations periods of one year (or less) to be reasonable." Id. (quoting In re Cotton Yarn Antitrust Litigation,

---

[2] Regardless of the choice of law provision, West Virginia law would govern this action. Hill v. Peoplesoft USA, Inc., 412 F.3d 540, 543 (4th Cir. 2005) (quotation marks and citation omitted) ("[S]tate law determines questions concerning the validity, revocability, or enforceability of contracts generally[.]").

505 F.3d 274, 287 (4th Cir. 2007)). In the absence of applicable statutory language that would prevent the parties from contractually shortening a limitations period, a court's only inquiry is whether the shortened period is reasonable.[3] Id. at 297.

Here, the Limitations on Actions provision created a one-year period, starting at the time of the alleged conduct, during which claims relating to Plaintiff's account must be brought. Def.'s Mot. to Dismiss, Exh. 1, at ¶ 18(k). Plaintiff's claims were filed more than one year after the alleged conduct. Compl., ECF No. 1, at ¶¶ 10–16. West Virginia law does not statutorily prohibit shortening contractual limitation periods. Thus, Plaintiff's claims must be dismissed unless the Limitations on Actions provision is unreasonable. Hampden, 810 S.E.2d at 296.

To reiterate, Plaintiff alleges (1) negligence; (2) breach of fiduciary duty; (3) violation of UCC Articles 4, 4A; and (4) breach of contract. Under West Virginia Law, claims for negligence and breach of fiduciary duty are afforded a two-year period in which to bring an action. W. Va. Code § 55-2-12. Claims under West Virginia UCC Article 4 must be brought "within three years after the cause of action accrues." W. Va. Code § 46-4-111. West Virginia

---

[3] "[Plaintiff] has failed to cite any statutory provision that would prevent the parties from agreeing to a shortened limitations period, nor has he established how the limitations period in the Agreement is unreasonable." Hampden Coal, LLC v. Varney, 810 S.E.2d 286, 297 (W. Va. 2018).

10

UCC Article 4A does not provide a limitations period. Thus, claims under Article 4A have a two-year limitations period under the catch-all provision of W. Va. Code § 55-2-12. Cf. Banca Commerciale Italiana v. Northern Trust Int'l Banking Corp., 160 F.3d 90, 93–95 (2d. Cir. 1998) (finding UCC Article 4A claims were afforded a three-year period under New York's default statute of limitations). Breach of contract claims are afforded a ten-year period. W. Va. Code § 55-2-6.

Regarding Plaintiff's negligence, breach of fiduciary duty, and UCC Article 4A claims, a one-year reduction from the statutory two-year period is reasonable at face value and has been accepted across multiple jurisdictions. E.g., Hampden, 810 S.E.2d at 297. The same is true of the three-year period normally enjoyed by claims under UCC Article 4. E.g., In re Cotton, 505 F.3d at 287 (holding a one-year contractually shortened period for commencing arbitration proceedings was enforceable when the federal anti-trust statute provided for a four-year limitation period).

West Virginia courts have not directly addressed the reasonableness of reducing a breach of contract limitations period from ten years to one year. However, other courts have enforced reductions of similar scale. E.g., Lakeview Pharmacy of Racine, Inc. v. Catamaran Corp., No. 3:15-290, 2017 WL 1196513, at 7* (M.D. Pa. Mar. 31, 2017) ("Thus, the fact that the statute of limitations is ten years while the parties contract provides for only one year

11

is not enough, in itself, to find that the provision is per se unreasonable[.]"). Nothing available to the Court suggests the period provided by the Limitations on Actions provision is unreasonable.

In view of the Plaintiff's failure to respond to Defendant's motion to dismiss or contest the enforceability of the Account Agreement, Plaintiff's equal bargaining power as a law firm, and the foundational principle that Courts "are not lightly to interfere with [the] freedom of contract," the Court finds the Limitations on Actions provision is enforceable. Baltimore & O. S. W. Ry. Co. v. Voigt, 176 U.S. 498, 506 (1900). The contracted one-year statute of limitations expired on or about January 19, 2024. Thus, Plaintiff's claims, filed on January 10, 2025, were filed approximately one year too late and are time-barred.

## VI.   CONCLUSION

Plaintiff failed to bring its claims within the period required by the Account Agreement. Because the claims are barred by the Limitations on Actions provision of the Agreement, Plaintiff's Complaint fails to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Accordingly, Defendant's Motion to Dismiss [ECF No. 2] is

**GRANTED**. This action is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

**DATED**: July 2, 2025

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA